**STATE OF MONTANA,**

        **Plaintiff,**

**vs.**

**JUSTIN PAUL UMPHRESS,**

        **Defendant.**

**NO. DC 93-165(A)**

**DECISION**

On December 23, 1993, the Defendant was sentenced to seven (7) years in Montana State Prison for the crime of Theft, a felony. Defendant is ineligible for parole until he uses the funds in his savings account to pay his victim $1,847.00 in restitution. Credit is given for (155) days served.

On May 6, 1994, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by Tammy Wyatt-Shaw, Legal Intern from the Montana Defender Project. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it if such is possible. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be seven (7) years with five (5) years suspended contingent upon a payment of not less than $200 payment per month, beginning the month following defendant's release. There must be a specific assignment made by the defendant prior to release, of his personal bank accounts, trust property, and any and all assets that the defendant may have. The assignment shall be made for the benefit of the victim and the payment schedule shall continue until full restitution has been made to the victim. Payment shall be made to the Clerk of the District Court in Flathead County.

The reasons for the decision are: given the various factors to be considered at sentencing, the sentence as amended will be more consistent with other cases of a similar nature, will better serve the rehabilitative functions of a sentence, and will make restitution a part of probation instead of a pre-existing condition for parole eligibility.

DATED this 6th day of May, 1994.

**Hon. G. Todd Baugh, Chairman, Hon. John Warner, Member and Hon. Ted Mizner, Acting Member.**

The Sentence Review Board wishes to thank Tammy Wyatt Shaw, Legal Intern from the Montana Defender Project for her assistance to the defendant and to this Court.